IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE BERNARD,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **No. 2:26-CV-02107-NBF** |
| | : | |
| **HEALTH VIEW SERVICES, INC. and RON MASTROGIOVANNI,** | : | **Electronically Filed** |
| | : | |
| **Defendants.** | : | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## INTRODUCTION

In this action, Plaintiff George Bernard seeks minimum wage and overtime pay for 50 hours per week he claims he spent managing the business he partly owns. In addition to being an owner, Mr. Bernard was a director and corporate officer with control over the operations, personnel and accounts of the enterprise he claims he did work for. His claims are a perversion of the wage laws. Because Mr. Bernard is an owner, director and officer, as a matter of law, he is not "'the kind of person that the common law would consider' an employee" and is not entitled to relief under statutory provisions applicable to employees. *See Mariotti v. Mariotti Bldg. Prods., Inc.*, 714 F.3d 761, 768-69 (3d Cir. 2013) (citing *Clackamas v. Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 445 n.5 (2003)). This controlling precedent dictates that Mr. Bernard has no plausible claim for relief. Further, the claims

asserted in the Complaint are time-barred. The Complaint should therefore be dismissed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Mr. Bernard alleges in his Complaint that he worked for (non-party) Healthview Asset Management, Inc. ("HVAM") which is a wholly owned subsidiary of Defendant Health View Services, Inc. ("HVS"). Compl. ¶¶ 1, 9. HVS provides retirement planning software and other technology solutions to the healthcare and financial services industries. At all times relevant hereto, Mr. Bernard was a Director of HVS. *Id.* ¶ 17. He was also HVAM's President, Chief Executive Officer, Chief Investment Officer and Chief Compliance Officer. *Id.*; *see also id.* ¶ 1.

Mr. Bernard alleges that he signed a "Non-Disclosure Non-Compete Agreement" with HVS when HVS acquired HVAM in 2017. *Id.* ¶ 15. The document, which is not attached to the Complaint, is not an employment agreement and does not characterize Mr. Bernard as an employee, but rather imposes non-solicitation and non-competition obligations based on the "business relationship" between Mr. Bernard and HVS. *See* Non-Disclosure Non-Compete Agreement

[1] The averments are repeated here solely because the factual allegations in the Complaint are required to be accepted as true for purposes of this motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Defendants do not admit the Complaint's averments and deny all claims therein.

(attached as Exhibit A) at p.1.[2] The "business relationship" involved Mr. Bernard's sale of his interest in the entity that became known as HVAM in exchange for shares in HVS. As a result of the transaction, Mr. Bernard is a shareholder of HVS, the named defendant here. *See* Acquisition Agreement (attached as Exhibit B) § 3,1.

In his Complaint, Mr. Bernard concedes his substantial authority and control. In addition to serving as a Director of HVS, he alleges that he "personally ran the day-to day operations of HVAM," "supervised other personnel in the operation of HVAM," and "exercised authority over [HVAM]'s accounts." *Id.* ¶¶ 16, 21, 23. He claims that he "routinely would pay for expenses incurred by HVAM out of his own pocket" and that those payments were recorded as stockholder loans. *Id.* ¶¶ 24-25, 46, 48. He claims to have incurred other expenses in relation to operation of the business which were reimbursed by HVS. *Id.* ¶¶ 45, 47. He claims that he resigned as President on September 4, 2026. *Id.* ¶ 41. He never received any wages or salary or any documentation suggesting that he was an employee. *Id.* ¶¶ 40, 50.

Mr. Bernard initiated the present action on September 24, 2016 against HVS and Ron Mastogiovanni, President of HVS, seeking more than $500,000 as

---

[2] The Non-Disclosure Non-Compete Agreement and Acquisition Agreement to which it was appended are referenced in Paragraph 15 of the Complaint and therefore are properly considered in connection with this motion. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

purported compensation for time he claims he spent working for HVAM and as reimbursement for purported business expenses. *Id.* ¶ 49. He seeks minimum wage and overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206-207 (Counts I and II) and Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101 *et seq*. (Count III), and payment of purported commissions totaling $25,000 per quarter under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq*. (Count IV).

## ARGUMENT

Under Rule 12(b)(6), a motion to dismiss is properly granted where, accepting the allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, the allegations do not raise a claim of entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Under this standard, the Complaint is deficient on its face and should be dismissed.

### I. Mr. Bernard Fails To State a Claim Because He Is an Employer, Not an Employee.

The FLSA, PMWA and WPCL distinguish between employees with standing to bring claims for wages and employers who are responsible for payment of wages.[3]

[3] The FLSA contemplates actions by an "employee" against an "employer." 29 U.S.C. § 216(b). "Employee" is defined for purposes of the FLSA as "any individual employed by an employer" and "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d), (e)(1). The PMWA similarly authorizes actions by an "employe" against an "employer." 43 P.S. § 333.113. The PMWA defines "employe" as "any

As a matter of law, Mr. Bernard falls in the latter category. As a shareholder, director and officer, Mr. Bernard owns and manages the enterprise and is not eligible to bring a claim as an employee under federal or state wage laws.

In *Clackamas*, the Supreme Court set out the test for determining whether persons who own or manage a business are employees under federal employment laws. *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440 (2003). The Court instructed that "the common-law element of control is the principal guidepost" to be followed in deciding "whether the individual acts independently and participates in managing the organization, or whether the individual is subject to the organization's control." *Id.* at 448-49 (quoting 2 Equal Employment Opportunity Commission, Compliance Manual § 605:0009). The factors to be considered in making this determination are: (1) whether the organization can hire or fire the individual or set the rules and regulations of the individual's work; (2) whether, and, if so, to what extent the organization supervises the individual's work; (3) whether the individual reports to someone higher in the organization; (4) whether and, if so,

---

individual employed by an employer" and "employer" as "any individual, partnership, association, corporation, business trust, or any person or group of persons acting, directly or indirectly, in the interest of an employer in relation to any employe." 43 P.S. § 333.103(g), (h). The WPCL imposes obligations on "employers" and provides civil remedies for "employes." 43 P.S. §§ 260.3(a), 260.9a(a). The WPCL defines "employer" as "every person, firm, partnership, association, corporation, receiver . . . and any agent or officer of any of the above-mentioned classes employing any person in the Commonwealth." 43 P.S. § 260.2a

to what extent the individual is able to influence the organization; (5) whether the parties intended that the individual be an employee, as expressed in written agreements or contracts; and (6) whether the individual shares in the profits, losses, and liabilities of the organization. *Id.* at 449-50. No single factor is "decisive," but rather courts must consider "all of the incidents of the relationship." *Id.* at 451 (citations and internal quotation marks omitted).

Mr. Bernard is an employer, not an employee, under each of the *Clackamas* factors. *First*, he was not hired (or fired) as an employee and his authority did not derive from any employment decision. Instead, his control stemmed from his status as owner, director and officer. Compl. ¶¶ 1, 17. *Second*, Mr. Bernard alleges that ***he*** controlled the organization. He alleges that he "personally ran the day-to-day operations of HVAM," "supervised other personnel in the operation of HVAM," and "exercised authority over its accounts." *Id.* ¶¶ 16, 21, 23. *Third*, Mr. Bernard did not report to anyone higher in the organization. He was President and Chief Executive Officer of HVAM and Director of HVS. *Id.* ¶¶ 1, 17. There was no one higher to report to. *Fourth*, Mr. Bernard alleges that he had substantial, unparalleled influence over the organization. Again, he claims that he "operated" the business and that he generated substantial revenue for HVS. *See*, *e.g.*, *id.* ¶ 20. *Fifth*, nothing suggests Mr. Bernard was intended to be an employee. There was no employment contract or other documentation evidencing an employment relationship. *Id.* ¶¶ 40,

44. Nor did Mr. Bernard ever receive a salary or any wages. *Id.* ¶¶ 40, 50.[4] And *sixth*, Mr. Bernard shared in the liabilities of the organization. He alleges that he loaned money to the organization to cover expenses and his investments were treated as shareholder loans. *Id.* ¶¶ 26, 46.

The *Clackamas* factors thus point exclusively to employer status. Mr. Bernard's own allegations establish his substantial authority over HVAM operations. It is not possible to conceive a greater degree of control than what Mr. Bernad alleges in the Complaint—specifically, control over day-to-day operations, personnel and accounts of HVAM and a seat on the Board of Directors of HVS. Compl. ¶¶ 16-17, 21, 23. In the words of the Supreme Court, Mr. Bernard is not "the kind of person that the common law would consider an employee and therefore not within the class of persons eligible to bring a claim under the fair employment laws. *Clackamas*, 538 U.S. at 455 n.5.

This case is controlled by *Mariotti v. Mariotti Bldg. Prods.*, 714 F.3d 761 (3d Cir. 2013). There, the Third Circuit held that a shareholder, director and corporate

---

[4] In another context, this Court determined that a director of a non-profit organization was not an employee for purposes of Title VII where he did not receive any wages or benefits, his board member duties were not supervised, and he was not discharged. *See McCabe v. Mutual Aid Ambulance Serv., Inc.*, No. 2:15-CV-00562-TFM, 2015 WL 4715260, at *5 (W.D. Pa. Aug. 7, 2015). The *McCabe* Court observed that "several circuits have uniformly held that remuneration in exchange for services is an essential condition to the existence of an employer-employee relationship." *Id.* (internal quotation marks and citations omitted).

officer is not entitled to statutory protection afforded to employees. The plaintiff in *Mariotti Bldg. Prods*. was part owner, director and officer of a closely held family business and party to an agreement that provided for termination of employment only for cause. *Id.* at 763-64. He brought an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), claiming that he was harassed and discharged based on his religious beliefs. *Id.* at 764. The company moved to dismiss the plaintiff's complaint under Rule 12(b)(6) on the grounds that the plaintiff was not an employee for purposes of Title VII. *Id.* The Third Circuit affirmed the dismissal of his Title VII claim, explaining that his "status as a shareholder, a director and a corporate officer gave him both substantial authority . . . and the right to control the enterprise. . . ." *Id.* at 768. The Court deemed it irrelevant that other family members also had authority over business matters, finding that the plaintiff's control made him an employer even though his control was not exclusive. *Id.* at 768-69. The Court explained that, because he "was entitled to participate in the development and governance of the business," he was an employer and not entitled to invoke the protections of Title VII. *Id.* at 769.[5]

[5] The Third Circuit also deemed it "without significance" that *Mariotti Bldg. Prods.* involved a claim under Title VII and *Clackamas* involved a claim under the Americans With Disabilities Act. 714 F.3d at 766.

The allegations in the Complaint in this case point even more directly toward employer status than *Mariotti Bldg. Prods*. Unlike the plaintiff in that case, Mr. Bernard had no employment agreement, never collected any wages or salary, and never received a W-2 Form or other documentation evidencing an employment relationship. Compl. ¶¶ 40, 44, 50. His authority and control over the business stemmed exclusively from his roles as owner, director and officer. By his own allegations, he controlled the operations, personnel and accounts of HVAM. *Id.* ¶¶ 16, 20-21, 23. Under *Mariotti Bldg. Prods*., this makes him an employer, not an employee.[6]

Because he was not an employee, Mr. Bernard cannot claim relief under the wage laws. His Complaint should be dismissed due to failure to state a claim upon which relief can be granted.

### II. <u>Mr. Bernard's Claims Are Time-Barred.</u>

Mr. Bernard alleges that he worked without a paycheck since 2017, Compl. ¶¶ 16, 40, 50, but he waited for nine years before bringing this action seeking alleged unpaid wages. His claims are plainly time-barred.

---

[6] As demonstrated above, *see supra* n.3, the relevant definitions in the FLSA, PMWA and WPCL are similar and therefore the result is the same under state as well as federal law. *See Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996) (observing that Pennsylvania courts "generally interpret" state employment laws "in accord with . . . federal counterparts").

The FLSA requires that actions under the statute must be commenced "within two years after the cause of action accrued" or within three years in the case of willful violations. 29 U.S.C. § 255(a). The limitations period under the WPCL and PMWA is three years. 43 P.S. § 260.9a(g) (WPCL); *Commonwealth Dep't of Labor & Indus. v. Accuserv Pharmacy, Inc.*, --- A.3d ---, No. 1280 C.D. 2024, 2026 WL 3147305, at *15 (Pa. Cmwlth. Oct. 21, 2026) (PMWA).

Here, Mr. Bernard never received any salary or wages. He claims to have worked for HVAM for nine years without a single paycheck. *See*, *e.g.*, Compl. ¶ 40 (alleging Defendants "paid him no wages at all"); *id.* ¶ 50 ("Despite Bernard's multiple years of service, Defendants paid him so salary."). Any challenge by Mr. Bernard to his status as employer accrued, if at all, in 2017 when he sold his business to HVS and allegedly began to perform services without pay. He was fully aware at that time that he was not hired, classified or treated as an employee. The three-year statutes of limitations thus began to run in 2017 and lapsed in 2020, long before Mr. Bernard filed this action. *See*, *e.g.*, *Anderson v. City of Bristol, Tenn.*, 6 F.3d 1168, 1175 (6th Cir. 1993) (recalculation of pay rate was "discrete one-time event" that triggered statute of limitations and was not a continuing violation); *Alldread v. City of Grenada*, 988 F.2d 1425, 1432 (5th Cir. 1993) (firefighters were aware from time of policy change that they were not receiving compensation for "sleep time" and therefore were required to file suit under FLSA within three years).

The Complaint should be dismissed for failure to state a claim due to expiration of the statute of limitations which is apparent on its face.

**CONCLUSION**

For the reasons above, Mr. Bernard fails to state a claim upon which relief can be granted and his claims are time-barred. The Complaint should be dismissed.

Respectfully submitted:

Date: October 26, 2026

/s/ Michael A. Comber
Michael A. Comber (PA Bar No. 81951)
COMBER MILLER LLC
436 Seventh Avenue
Pittsburgh, PA 15219
(412) 894-1380 (telephone)
(412) 291-2109 (fax)
mcomber@combermiller.com

Patrick J. Brier (PA Bar No. 44711)
(*General Admission Pending*)
Donna A. Walsh (PA Bar No. 74833)
(*General Admission Pending*)
MYERS, BRIER & KELLY, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100 (telephone)
(570) 342-6147 (fax)
pbrier@mbklaw.com
dwalsh@mbklaw.com

Counsel for Defendants,
Health View Services, Inc. and
Ron Mastrogiovanni

**CERTIFICATE OF SERVICE**

I, Michael A. Comber, hereby certify that I served the foregoing Memorandum of Law in Support of Motion To Dismiss upon the following counsel of record via the Court's ECF System on this 26th day of October 2026:

Craig W. Snethen
Mark J. Golen, II
GORDON & REES, LLP
75 Hopper Place, Suite 301
Pittsburgh, PA 15222

/s/ Michael A. Comber
Michael A. Comber