**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GEORGE BERNARD,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH VIEW SERVICES, INC.,<br>RON MASTROGIOVANNI,<br><br>Defendants. | ) | Civil Action No. 26-2107<br>Judge Nora Barry Fischer |

# ORDER OF COURT

AND NOW, this 18th day of November, 2026, upon consideration of the Complaint in this matter, (Docket No. 1), wherein Allegheny County, Pennsylvania resident George Bernard brings claims under the Fair Labor Standards Act, ("FLSA"), Pennsylvania Minimum Wage Act, ("PMWA"), and Pennsylvania Wage Payment and Collection Law ("WPCL") against Massachusetts-based Defendants Health View Services, Inc. ("HVS") and Ron Mastrogiovanni arising out of Plaintiff's work for Healthview Asset Management, Inc., ("HVAM") a Pittsburgh-based wholly owned subsidiary of HVS, Defendants' Motion to Dismiss (Docket No. 8), Brief in Support, (Docket No. 9), and supporting documents including a Non-Disclosure Non-Compete Agreement between Plaintiff and HVS containing a choice of law and forum selection clause stating that the Agreement and "legal relations" between the parties shall be governed by Massachusetts law and that "[a]ny action brought in connection with this Agreement shall be brought in either the state or federal courts of Massachusetts and [Plaintiff] hereby irrevocably consents to the exclusive jurisdiction and venue of such courts," (Docket No. 9-1), a corresponding Acquisition Agreement

containing an arbitration clause stating that the parties agreed to arbitrate any disputes in Boston, (Docket No. 9-2), Plaintiff's Brief in Opposition to the Motion[1] wherein he advocates that the Court take judicial notice of a parallel action filed in the U.S. District Court for the District of Massachusetts, i.e., *Healthview Services, Inc v. Bernard*, No. 1:26-cv-15021 (D. Mass. Filed Nov. 9, 2026), wherein HVS and HVAM have sued Plaintiff and an entity he controls, Bennington Asset Management, LLC, asserting numerous federal and state law claims due to his alleged breach of the Agreement by, among other things, setting up a competing entity and taking business away from HVAM and HVS while still employed by those entities, and it appearing to the Court that a transfer of this matter to the U.S. District Court for the District of Massachusetts is appropriate after considering all of the relevant factors for a discretionary transfer under 28 U.S.C. § 1404(a), *see e.g.*, *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995) (private and public factors which must be considered prior to issuing a discretionary transfer under 28 U.S.C. § 1404(a)); *Minter v. Acme Markets, Inc.*, No. CV 20-1087, 2020 WL 1450860, at *2 (E.D. Pa. Mar. 25, 2020) (citing *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 171 (3d Cir. 2011)) ("The Court may sua sponte transfer a case pursuant to 28 U.S.C. § 1404(a)."); *Sloane v. Gulf Interstate Field Services, Inc.*, 2016 WL 4010965 (W.D. Pa. Jul. 27, 2016) (transferring FLSA class action to Middle District of Pennsylvania as Plaintiff worked there and alleged unlawful employment practices took place in that District),

IT IS HEREBY ORDERED that a Rule to Show Cause is issued upon Plaintiff to demonstrate by **November 23, 2026** why this matter should not be TRANSFERRED to the U.S. District Court for the District of Massachusetts, pursuant to 28 U.S.C. § 1404(a).

In so holding, the Court finds that a transfer to federal court in Massachusetts is in the

---

[1] Plaintiff's contention that Defendants Motion should be denied because they did not file a certificate of

interests of justice for several reasons. *See* 28 U.S.C. § 1404(a).

First, the U.S. District Court for the District of Massachusetts is an appropriate venue where this lawsuit could have been filed initially as Defendants are citizens of Massachusetts[2] and a substantial part of the events in question and/or the allegedly unlawful employment actions took place in Massachusetts. *See* 28 U.S.C. §§ 1391(b)(1) and (2). Second, the relevant private *Jumara* factors favor a transfer to that District because:

- Plaintiff's choice of venue in the Western District of Pennsylvania is given little weight because the entity and individual he alleges were his employers were based in Massachusetts;

- the alleged non-payment of wages took place in Massachusetts, where Defendants operate their business, *see Greenberg v. Johnson Controls, Inc.*, 790 F. Supp. 3d 431, 442 (E.D. Pa. Jul. 10, 2025) (quotation omitted) ("where a party to a contract is being sued for non-payment, the locus of the action is where the party failed to take that action rather than where the result is felt"); and,

- the convenience of the parties and witnesses supports a transfer because Plaintiff worked for and served on the board of the MA-based HVS, agreed to exclusive venue in MA in the Non-Disclosure and Non-Compete Agreement and likewise agreed to arbitrate any issues in the Acquisition Agreement in Boston.

Third, it also appears to the Court that the relevant public *Jumara* factors support a transfer. To this end, as the Court of Appeals held in *In re: Howmedica Osteonics Corp.*,

> [the] public interests to be balanced are not necessarily tied to the parties, but instead derive from "the interest of justice." 28 U.S.C. § 1404(a). These interests include "the enforceability of the judgment"; "the relative administrative difficulty in the two fora resulting from court congestion"; "the local interest in deciding local controversies at home"; "the public policies of the fora"; and "the familiarity of the

---

conferral is DENIED. There is plainly a certificate of conferral filed on Page 3 of 4 on Docket No. 8.

[2] Plaintiff does not plead the citizenship of Defendants but requested and served a summons and Complaint on each Defendant at addresses in Massachusetts. (Docket Nos. 1; 2; 4; 6). In the Massachusetts action, HealthView Services, Inc. pleads that it is incorporated in Delaware and has a principal place of business in Massachusetts.

> trial judge with the applicable state law in diversity cases." *Jumara*, 55 F.3d at 879-80. We regard these public interests to include judicial economy considerations, which support "having the two actions in the same district (through transfer)" when the two cases are in different courts but involve "the same or similar issues and parties." 1 James Moore et al., Moore's Manual: Federal Practice and Procedure, § 7.81[3][c] (2017).

*In re: Howmedica Osteonics Corp*, 867 F.3d 390, 402 (3d Cir. 2017) (footnote omitted).

Here, the Court strongly believes that it is in the interests of judicial economy for a single court to handle these related actions arising out of Plaintiff's prior employment with HVS and HVAM including his alleged claim of non-payment of wages due to him and the entities' assertions that he committed breaches of confidentiality and non-compete agreements. *See id*. The issues presented by the separate civil actions are sufficiently intertwined such that they would benefit from consolidated discovery, global mediation and a joint trial, all of which can be accomplished more easily if the cases are litigated in a single District. Since it appears to the Court that the forum selection clause precludes Plaintiff from challenging venue of the Massachusetts action, a transfer of this case to the District of Massachusetts is the most appropriate disposition. (*See* Docket No. 9-1). The Massachusetts action is also advancing rapidly as the Plaintiffs filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction earlier today. *See HealthView Services, Inc., et al. v. Bernard, et al.*, Civ. A. No. 1:26-cv-15021-ADB (D. Mass. Nov. 18, 2026).

Ultimately, the Court finds that the relevant private and public *Jumara* factors weigh in favor of the Court exercising its broad discretion under 28 U.S.C. § 1404(a) to transfer this matter to the U.S. District Court for the District of Massachusetts. The Court further notes that the transfer and consolidation of these actions is consistent with Rule 1 of the Federal Rules of Civil Procedure, which counsel the Court and the parties "to secure the just, speedy, and inexpensive determination of

every action and proceeding." Fed. R. Civ. P. 1.

IT IS FURTHER ORDERED that if Plaintiff fails to timely respond to this Show Cause Order by **November 23, 2026**, the case will be transferred, forthwith; and,

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss [8] is DENIED, without prejudice.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

cc/ecf: All counsel of record.