**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GEORGE BERNARD,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH VIEW SERVICES, INC. and RON MASTROGIOVANNI, individually,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 2:26-CV-02107-NBF<br><br>**RESPONSE TO RULE TO SHOW CAUSE** |

**PLAINTIFF'S RESPONSE TO RULE TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE TRANSFERRED**

Plaintiff George Bernard respectfully responds to the Court's November 18, 2026 Order directing him to show why this action should not be transferred to the District of Massachusetts under 28 U.S.C. § 1404(a). The case should not be transferred. Bernard initiated his action first, in his home district, under federal and Pennsylvania wage laws for work he performed in Pittsburgh while running a Pittsburgh company. Section 1404(a) does not permit Bernard's chosen forum to be displaced by a later filed suit based on a contract claim his action is not governed by.[1] Bernard

---

[1] Indeed, Defendants' later filed suit properly invoked the Non-Disclosure Non-Compete Agreement's ("NDA") forum-selection clause this Court's Order relies on: "Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred here, including the negotiation and execution of the Non-Compete Agreement with HVS and the resulting injury to HVS, and because Bernard agreed in Section 22 of the Non Compete Agreement to the exclusive venue of the state and federal courts of Massachusetts." Compl. Mass. ¶ 6. Those are claims to enforce the NDA's confidentiality and non-compete covenants. By contrast, Bernard's claims seek wages under federal and Pennsylvania statutes.

Importantly. Defendants never argued in their motion to dismiss in this case that venue in this Court was improper pursuant to the forum selection clause or otherwise. To the contrary Defendants themselves did not believe the NDA to cover his employment related claims here, claiming it is "not an employment agreement," Defs.' Br. Supp. Mot. Dismiss at 2, ECF No. 9, evidencing the Agreements' improper inclusion emphasized non-employee status, not forum status. Therefore, an agreement that by Defendants' own account does not govern Bernard's employment cannot determine where his claims for employment wages are heard. Notably, Defendants did not invoke the NDA's clause in this action, potentially in acknowledgment of its inapplicability here.

argues those agreements do not reach nor speak to compensation, which is the singular basis of his action.

Bernard's choice of forum "is a paramount consideration," transfer "is not to be liberally granted," and "unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (citations omitted); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) ("The burden of establishing the need for transfer still rests with the movant. And, 'in ruling on defendants' motion the plaintiff's choice of venue should not be lightly disturbed.'") (citations omitted). The Court shares this standard on its own motion to transfer, and it "confronts the same preference for plaintiff's choice of forum that a defendant would confront in moving for a transfer." *Clopay Corp. v. Newell Cos.*, 527 F. Supp. 733, 738 (D. Del. 1981). Transfer therefore demands a record that justifies it. Bernard's chosen forum should prevail.

**A. THE FORUM-SELECTION CLAUSE DOES NOT GOVERN BERNARD'S CLAIMS.**

The forum-selection clause resides within the Non-Disclosure Non-Compete Agreement ("NDA"), which only covers actions "brought in connection with this Agreement." NDA § 22, ECF No. 9-1. Bernard's claims are each brought under statute and solely pertain to wage claims. The NDA is entirely unrelated to compensation. The Order appears to give the clause considerable weight without deciding whether it covers Bernard's claims,[2] which is the threshold inquiry the

---

[2] The Order quotes Section 22's reference to the "legal relations between the parties," but that phrase appears only in the clause's choice-of-law sentence, which provides that "[t]his Agreement shall be construed, and the legal relations between the parties determined, in accordance with the laws of the Commonwealth of Massachusetts." NDA § 22. The forum sentence that follows is narrower. It reaches only "[a]ny action brough in connection with this Agreement." *Id.* The parties chose broad language for governing law and narrower language for forum, and the narrower language controls where suit must be brought. Bernard's wage claims are not "in connection with" an agreement that governs confidential information and competition and says nothing about compensation. The Acquisition Agreement's ("AA") arbitration clause does not change the analysis. It selects an arbitrator in Boston, not the District of Massachusetts, and it would conflict with Section 22 if both clauses were applied. No party has moved to compel arbitration, and Defendants implicitly waived arbitration as they "acted inconsistently with an intent to

Third Circuit requires. *See Reading Health Sys. v. Bear Stearns & Co.*, 900 F.3d 87, 97-98 (3d Cir. 2018) (The forum-selection clause's applicability "depends on what the specific clause at issue says"; if the claims fall outside of the clause, "the traditional § 1404(a) framework applies, not the framework set forth in *Atlantic Marine*").

The Court's Order focuses on the NDA's forum selection clause, found in Section 22 and as cited within Defendants' Massachusetts Complaint, yet it is inapplicable to the claims before this Court. The NDA governs the exchange of confidential information "in the course of NAME having a business relationship with HVS." NDA at 1. Its operative covenants restrict competition and solicitation, the basis of Defendants' Massachusetts action. Nothing within it speaks to compensation.

Even if either agreement covered compensation, the FLSA and state wage claims "still *arise under* the FLSA and [state] statutes, not the agreement itself," even where an agreement touches employee status, which even Defendants contend that the agreements here do not. *Moon v. Breathless Inc.*, 868 F.3d 209, 218 (3d Cir. 2017); *Stewart v. First Student, Inc.*, 639 F. Supp. 3d 492, 499 (E.D. Pa. 2022) (FLSA claims may arise where the employee worked or where the challenged policies were effectuated, ultimately finding this factor to be neutral). Massachusetts law, which Section 22 selects, demonstrates District Courts there find FLSA rights "are distinct from any employment agreement," and that wage claims which turn on the economic reality[3] of the relationship fall outside clauses tied to an agreement's terms. *Pacheco v. St. Luke's Emergency Assocs., P.C.*, 879 F. Supp. 2d 136, 141 (D. Mass. 2012); *Chebotnikov v. LimoLink, Inc.*, 150 F.

assert its right to arbitrate." *Greystone Mortg., Inc. v. Equifax Workforce Sols. LLC,* 820 F. Supp. 3d 353, 367 (E.D. Pa. 2026) (citation omitted). Still, the Court made no determination as to the scope of either clause but cites them in support of transfer.

[3] Plaintiff's Opposition to Defendants' Motion to Dismiss emphasized the economic reality framework governs determination of employee status here according to Bernard's claims, though under Third Circuit law.

Supp. 3d 128, 131–32 (D. Mass. 2015); *Hogan v. SPAR Grp., Inc.,* 914 F.3d 34, 42 (1st Cir. 2019) (holding non-signatory could not compel arbitration of wage claims "premised upon Massachusetts wage and hour law, not the Master Agreement," which "would exist even if the Master Agreement were declared void").[4] Such a distinction is not necessary here since the Agreements plainly do not govern Bernard's claims for compensation.

**B. THE *JUMARA* FACTORS FAVOR PITTSBURGH**

As noted, *supra*, where, as here, claims asserted in an action fall outside the forum selection clause, the traditional § 1404(a) framework applies. *Reading Health Sys.*, 900 F.3d 97-98. By examining the factors set forth in *Jumara*, the Court's Order appears to presume the traditional § 1404(a) framework applies, despite its reference to both Agreements, neither of which govern this action. If those Agreements covered Bernard's action, the distinct framework of *Atlantic Marine Construction Co. v. U.S. District Court*, 571 U.S. 49, 63–65 (2013) would apply, favoring transfer by giving substantial deference to the clause. Instead, the Court evaluated the traditional § 1404(a) framework established in *Jumara*, apparently acknowledging those Agreements' lack of relevance to the instant action. Without a binding clause, there is no presumption favoring transfer, and the inquiry is "specific to the circumstances of that case." *Howmedica*, 867 F.3d at 403 (quoting *Jumara,* 55 F.3d at 879-80).

Notwithstanding binding authority declaring plaintiff's chosen venue "should not be lightly disturbed" *Jumara*, 55 F.3d at 879, the Order gives Bernard's chosen venue "little weight" because

---

[4] Plaintiff's Complaint names Defendant Mastrogiovanni in his individual capacity outside of his agency relationship to the businesses, but he signed both agreements on behalf of HVS as President. A forum-selection clause "can be enforced only by the signator[y] to [the] agreement[]." *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 407 (3d Cir. 2017) (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1293–97 (3d Cir. 1996)). In instances when some parties in an action are bound but others are not, the Third Circuit employs a four-step analysis of the clause at issue, the non-contracting parties' interests, severance, and efficiency. *Id.* at 402-05. The Court has not commenced this analysis either.

his employers are based in Massachusetts. ECF No. 15, Court Order at 3. Yet, Bernard lives and works in this jurisdiction, and has done so for decades, substantially predating his relationship with Defendants. The company he worked for, HVAM, is based here, his claims arise here under Pennsylvania and Federal law, and *more* than a substantial part of the events giving rise to Plaintiff's claim arose here, particularly his lack of pay for his work performed within the Commonwealth of Pennsylvania, subject to Pennsylvania wage law and, if Defendants would have honored their wage payment obligations to Bernard, would have been taxed according to Pennsylvania law. Application of Pennsylvania wage statutes invokes "a strong public interest in enforcing overtime pay policies to ensure workers in the Commonwealth receive all earned compensation." *Walker v. Audubon Cos.*, No. 2:25-cv-764, 2026 WL 737187, at *9–10 (W.D. Pa. Mar. 16, 2026). In *Shutte*, the Third Circuit vacated transfer out of this District because plaintiff's decedent had lived and worked in Western Pennsylvania. 431 F.2d at 25. The same result should obtain here.[5]

Defendants' Massachusetts action pleads Pittsburgh as its center of gravity. Defendants plead HVAM, the organization Bernard worked for and effectively ran, is a Pennsylvania corporation with its principal place of business in Pittsburgh, that Bernard is a Pennsylvania citizen, and that the business HVS acquired was "based in Pittsburgh, Pennsylvania," which is why Defendants sued Plaintiff under, *inter alia*, Pennsylvania trade-secrets law, underscoring the dispute is centered here. Mass. Compl. ¶¶ 2-3, 11, Count III. The Court's Order favoring transfer

---

[5] The *Greenberg* holding that a contract claim arises where the defendant failed to act does not squarely fit a statutory wage claim, which arises where the employee worked and the challenged policies were carried out. ECF No. 15, Court Order at 3; *Stewart*, 639 F. Supp. 3d at 499. The *Walker* case above applied this rule, found the factor neutral, and denied transfer of FLSA claims to the employer's home forum. 2026 WL 737187 at *9-10. Bernard worked, and went unpaid, in Pittsburgh. At most, this factor is neutral and cannot favor Massachusetts.

based on the convenience of the parties and witnesses[6] explains Bernard "worked for and served on the board of the MA-based HVS," but this overlooks that he ran the Pittsburgh subsidiary under the direction and control of his employer, Defendants HVS and Mastrogiovanni. ECF No. 15, Court Order at 3. The present record demonstrates *Jumara's* factors favor Pittsburgh and cannot overcome Bernard's chosen forum.

### C. JUDICIAL ECONOMY FAVORS KEEPING THIS CASE, NOT TRANSFERRING IT.

The first-filed rule independently forecloses transfer. When two federal Courts have related cases, this rule "creates a rebuttable presumption that the action filed earlier in time should go forward, and the action filed later in time should defer. Courts may decline to follow the first filed rule where a party demonstrates extraordinary circumstances, inequitable conduct, bad faith, or forum shopping on behalf of another litigant." *Greenberg v. Johnson Controls, Inc.*, 790 F. Supp. 3d 431, 441 (E.D. Pa. 2025) (internal citations omitted). "[I]nvocation of the rule will usually be the norm, not the exception." *EEOC v. Univ. of Pa.*, 850 F.2d 969, 979 (3d Cir. 1988), *aff'd on other grounds*, 493 U.S. 182 (1990). Bernard filed first here on September 24, 2026, and Defendants filed their action on November 9, 2026. Defendants filed their suit under full notice of Bernard's claims for compensation here, which their Complaint dismisses as "nonexistent obligations." Mass. Compl. ¶ 38. The Order inverts the presumption. It treats the later-filed suit as fixed and moves the earlier one to follow it. Nothing about Defendants' suit justifies its priority. Their Complaint joined HVAM as a co-plaintiff, a Pennsylvania company that Bernard is not suing, despite HVAM's non-signatory status to the NDA, while their Complaint only sued Pennsylvania defendants. *Id.* ¶¶ 2-4. A suit filed second, after HVS knew of Bernard's claims, by and against

---

[6] Witness convenience matters "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. No party has identified any witnesses, let alone any that would be unavailable for trial, negating this factor's favor of transfer.

Pennsylvania parties, does not give the District of Massachusetts a superior claim to this case. If either action should yield, it is the later one.

The Order reasons that because the clause "precludes Plaintiff from challenging venue of the Massachusetts action," this case should follow it there. ECF No. 15, Court Order at 4. This reasoning lets the second-filed suit dictate the forum of the first, notwithstanding the inapplicability of the Agreements, and their forum selection and choice of laws clauses, to this action. The Order's reliance on *Howmedica* affirms that judicial economy considerations support "having the two actions in the same district (through transfer)" when the two cases are in different courts but involve "the same or similar issues and parties." *Howmedica*, 867 F.3d at 402. But here, the issues in the present action, in which Bernards seeks wages and related compensation related to his employment by HVAM under federal and state law, are materially different from those the Massachusetts action, in which Defendants seek to enforce a contractual restrictive covenant entirely unrelated to wages. *Howmedica* also endorses coordination through "common pre-trial procedures, video depositions, stipulations, etc." opposed to consolidation, all of which are eminently feasible and practical in this case. *Howmedica*, 867 F.3d at 402-03.

**D. ALTERNATIVELY, THE COURT SHOULD DECIDE SCOPE FIRST AND PERMIT A RECORD.**

District Courts in this Circuit transfer *sua sponte* only after providing the parties an opportunity to brief the issue. *W. PA Child Care, LLC v. Powell*, No. 14-968, 2014 WL 6090522 (W.D. Pa. Nov. 13, 2014) (citation omitted); *Clopay Corp*, 527 F. Supp. at 738. If the Court remains inclined to transfer, Bernard asks that it first decide whether Section 22 of the NDA reaches his wage claims, the threshold question as mentioned above. *See Reading Health*, 900 F.3d at 97. Bernard also asks that the parties be permitted to submit evidence on any disputed transfer facts,

which the Court may consider and resolve under § 1404(a). *Roller v. Red Payments L.L.C.*, No. 18-1834, 2019 WL 3802031, at *4 (E.D. Pa. Aug. 12, 2019).

## CONCLUSION

Bernard sued first, at home, for work performed here, under statutes enacted here and federally that do not depend on the agreements Defendants invoke. Bernard respectfully requests the Court discharge the Rule to Show Cause and retain this action. In the alternative, the Court should decide the scope of Section 22 and allow supplemental submissions before ordering transfer. That said, Plaintiff respects the Court's decision in this matter and is prepared to litigate his claims in either forum.

Dated: November 23, 2026

Respectfully submitted,

GORDON & REES LLP

s/ *Craig W. Snethen*

Craig W. Snethen
Pa. I.D. No. 86050
Mark J. Golen, II
Pa. I.D. No. 91234
75 Hopper Place, Suite 301
Pittsburgh, PA 15222
(412) 577-7400
(412) 347-5461 *facsimile*

csnethen@grsm.com
mgolen@grsm.com

Counsel for Plaintiff